1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN ARDEN; CYNTHIA SHERIDAN,          No.  2:14-cv-1777 TLN DAD PS

12              Plaintiffs,

13       v.                                 FINDINGS AND RECOMMENDATIONS

14   MICHAEL OLIVER,

15              Defendant.

16

17          Plaintiffs John Arden and Cynthia Sheridan are proceeding pro se and, therefore, this

18   matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. §

19   636(b)(1).  The matter came before the court on November 7, 2014, for hearing of defendant's

20   motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.  Attorney

21   Peter Cuttitta appeared telephonically on behalf of the defendant.  John Arden appeared in person

22   on his own behalf and Cynthia Sheridan appeared in person on her own behalf.

23          For the reasons set forth below, the undersigned will recommend that defendant's motion

24   to dismiss be granted.

25                          PROCEDURAL BACKGROUND

26          Plaintiff commenced this action on July 28, 2014, by filing a complaint and paying the

27   required filing fee.  (Dkt. No. 1.)  On September 24, 2014, defendant Michael Oliver filed a

28   motion to dismiss but noticed the motion for hearing before the assigned District Judge.  (Dkt.

1

No. 7.)  On September 25, 2014, the assigned District Judge referred this matter to the

undersigned pursuant to Local Rule 302(c)(21).  (Dkt. No. 8.)  That same day, defendant re-

noticed the motion to dismiss for hearing before the undersigned.  (Dkt. No. 9.)

On October 9, 2014, defendant continued the hearing of the motion to dismiss to

November 7, 2014.  (Dkt. No. 10.)  Plaintiffs filed opposition to the motion to dismiss on October

24, 2014.  (Dkt. No. 11.)  Defendant filed a reply on October 29, 2014.  (Dkt. No. 12.)

FACTUAL ALLEGATIONS

Plaintiffs' complaint alleges, in part, as follows.  In 2004, plaintiffs leased the property

located at 9980 North Lake Boulevard, Kings Beach, California, and 2 North Lake Highway,

Crystal Bay, Nevada, ("Property"), from Lowell Thomas and Sybil Thomas.  (Compl. (Dkt. No.

1) at 4-5.)  The property is unusual, in that is it "comprised of two contiguous parcels, one lying

in California and the other in Nevada."  (Id. at 5.)  Plaintiffs, however, became involved in "[a]

long and acrimonious series of legal disputes" with Lowell and Sybil Thomas and eventually

were "forced to seek bankruptcy court relief."  (Id.)  At some, defendant Oliver approached

plaintiff Arden and expressed "his love" of the property and an "interest in acquiring it."  (Id. at

6.)  Oliver wished to remodel the property but plaintiff Arden "told Oliver that his proposed

tenant improvements and the rent proposed were too low in view of Plaintiffs' investment in

developing" the property.  (Id.)  "Oliver was upset Plaintiff Arden rejected his offer, disregarded

Arden's rejection," and "deliberately sought Thomas, the lien-holder, to explore alternative ways

he might circumvent Plaintiffs and acquire the property."  (Id. at 7.)  As a result of Oliver's

efforts he "knew or had reason to believe Thomas, et al.," were using "illegal self-help means to

frustrate Plaintiffs' reorganization" and Oliver "agreed to assist in Plaintiff's undoing, if it led to

Oliver acquiring the property."  (Id.)  In October of 2010, Thomas contracted to sell to Oliver

"the Note and Deeds of Trust on Plaintiffs' property."  (Id.)

In February of 2011, Oliver and Thomas signed an "Addendum to Purchase Contract for

First Deed of Trust," which provided that Oliver had "the right to pay off any taxes and liens" on

the property and deduct those costs from the "principal balance and balloon payments."  (Id. at 8.)

In March of 2011, "Oliver and Thomas met" and "agreed Oliver would be the negotiator," in

1   settlement talks with the plaintiffs and that "Thomas would pay Oliver up to $25,000 to stop all

2   grievances between [plaintiffs] and the Thomases."  (Id.)  In April of 2011, Oliver and Arden met

3   to discuss "a proposal to acquire Plaintiffs' property . . . ."  (Id.)  Oliver acknowledged that

4   plaintiffs' were receiving "no income from the unopened business, mounting debts and the

5   particular concern that Plaintiffs' home was in foreclosure."  (Id. at 9.)  Arden stated that that any

6   sale or settlement "would require assistance of the bankruptcy court to adjudicate existing issues

7   and resolve debts and liens."  (Id.)

8           After further discussion, Oliver and Arden agreed that "Plaintiffs would be absolutely

9   absolved, indemnified, and held harmless of any financial claims," that the property would be

10  transferred "AS-IS," without a liability against plaintiffs and that Plaintiffs would receive

11  $40,000, which would be placed in an escrow account.  (Id. at 10.)  To record the agreements,

12  plaintiffs and Oliver executed an "ADDENDUM No. 1 ESSENTIAL CONDITIONS" document.

13  (Id. at 11.)  After all involved signed the document, Oliver typed the information into a

14  Commercial Property Purchase Agreement and Joint Escrow Instructions.  (Id. at 12.)

15           On August 29, 2011, after a series of disagreements, "Plaintiff Arden was emailed by

16  Rhonda Evans of Fidelity Title" who forwarded from Oliver a "CANCELLATION OF

17  CONTRACT, RELEASE OF DEPOSIT AND JOINT ESCROW INSTRUCTIONS," instructing

18  Fidelity to cancel the parties' transaction.  (Id. at 16.)  Plaintiffs demanded the $40,000 from the

19  escrow account and Rhonda Evans replied that "Oliver never made the deposit."  (Id.)

20           Pursuant to these allegations, the complaint alleges causes of action for violation of 11

21  U.S.C. § 362, intentional interference with prospective economic advantage, intentional

22  interference with contractual relations, fraudulent concealment, fraudulent misrepresentation,

23  fraud in the inducement, breach of contract, breach of the implied covenant of good faith and fair

24  dealing, violation of California Business and Professions Code § 10176 and § 10177, and the

25  intentional infliction of emotional distress.

26  /////

27  /////

28  /////

1        STANDARDS

2    I.        Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

3            Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

4    motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

5    claims alleged in the action.[1]  "A motion to dismiss for lack of subject matter jurisdiction may

6    either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

7    existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

8    594 F.2d 730, 733 (9th Cir. 1979).

9            When a party brings a facial attack to subject matter jurisdiction, that party contends that

10   the allegations of jurisdiction contained in the complaint are insufficient on their face to

11   demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

12   (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

13   similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

14   23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

15   1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

16   only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

17   Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

18   Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

19   evidence beyond the complaint without converting the motion to dismiss into a motion for

20   summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

21           When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

22   presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d

23   at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any

24   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

25   jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

26   /////

27   _____

28   [1]  A federal court also "ha[s] an independent obligation to address sua sponte whether [it] has
     subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).

4

1   12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

2   of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

3   II.        Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

4           The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

5   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

6   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

7   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

8   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

9   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

10  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11  the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

12  Iqbal, 556 U.S. 662, 678 (2009).

13          In determining whether a complaint states a claim on which relief may be granted, the

14  court accepts as true the allegations in the complaint and construes the allegations in the light

15  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

16  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

17  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

18  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

19  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

20  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

21  an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

22  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

23  elements of a cause of action."  Twombly, 550 U.S. at 555.  See also Iqbal, 556 U.S. at 676

24  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

26  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

27  not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

28  459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

ANALYSIS

Plaintiffs' complaint asserts that the court has "original jurisdiction" over this action pursuant to 28 U.S.C. § 1334, because the complaint's first cause of action alleges a violation of 11 U.S.C. § 362(a), the automatic stay provision of the Bankruptcy Code.[2]  (Compl. (Dkt. No. 1) at 3.)  Title 28 U.S.C. § 1334(a) provides, in part, that "the district courts shall have original and exclusive jurisdiction of all cases under title 11."

However, bankruptcy courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  In re Davis, 177 B.R. 907, 912 (9th Cir. BAP 1995).  See also Eastern Equipment and Services Corp. v. Factory Point Nat. Bank, Bennington, 236 F.3d 117, 121 (2nd Cir. 2001) ("Courts that have examined this issue have held that the federal Bankruptcy Code preempts any state law claims for a violation of the automatic stay, and precludes jurisdiction in the district courts.  Any relief for a violation of the stay must be sought in the Bankruptcy Court.");  MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 916 (9th Cir. 1996) ("We hold that MSR's malicious prosecution action against the Producers is completely preempted by the structure and purpose of the Bankruptcy Code.  Therefore, MSR's purported action must, in fact, be a federal claim.  That claim, however, should have been brought in the bankruptcy court itself, and not as a separate action in the district court.  Thus, the district court properly determined that it lacked jurisdiction to hear the matter.").  But see Justice Cometh, Ltd. v. Lambert, 426 F.3d 1342, 1343 (11th Cir. 2005) ("the explicit § 1334 grant of original jurisdiction over Title 11 cases clearly forecloses a conclusion that the district court lacked subject matter jurisdiction over this case").

---

[2]  The remaining causes of action of plaintiffs' complaint are all based on the alleged violation of state law.

6

1    Moreover, as explained by another judge of this court:

2        Pursuant to 28 U.S.C. § 157(a), each district court may provide that
         any or all cases under title 11 and any or all proceedings arising
3        under title 11 or arising in or related to a case under title 11 shall be
         referred to the bankruptcy judges for the district.  Furthermore, the
4        Eastern District of California's Local General Order 1824 states:
         this Court hereby refers to the bankruptcy judges of this district all
5        cases under title 11, and all proceedings arising under title 11 or
         rising in or related to cases under title 11.  An action alleging a
6        willful violation of the automatic stay is created by § 362(h) of title
         11 of the United States Code, and therefore arises under title 11 for
7        purposes of 28 U.S.C. § 157(a) and Local General Order 182.
         Thus, the bankruptcy court has subject matter jurisdiction over all
8        claims alleging willful violation of the automatic stay[.]

9    Wordtech Systems, Inc. v. Integrated Network Solutions, Inc., No. 2:04-cv-1971-MCE-EFB,

10   2012 WL 5464218, at *1-2 (E.D. Cal. Nov. 7, 2012) (dismissing a defendant's motion seeking

11   sanctions for violation of 11 U.S.C. § 362(a)(1) due to lack of subject matter jurisdiction)

12   (alterations, citations and quotations omitted).

13       The undersigned concludes that the complaint's first cause of action for violation of 11

14   U.S.C. § 362 should be dismissed for a lack of subject matter jurisdiction.  See Swartz v.

15   Nationstar Mortg., LLC, et al., No. CV 14-08649 BRO (JCx), 2015 WL 846789 at *9 (C.D. Cal.

16   Feb. 26, 2015) (dismissing claims alleging violations of 11 U.S.C. § 362 in light of the court's

17   Local Rule referring all proceedings arising under Title 11 to bankruptcy judges); Zimmerman v.

18   Bellows, 988 F.Supp.2d 1026, 1034 (D. Minn. 2013) ("Count V alleges that Defendants violated

19   the automatic stay, for which Zimmerman seeks relief under 11 U.S.C. § 362(k).  Though no

20   party has raised the issue, the Court determines that it lacks jurisdiction to consider this claim.");

21   Wordtech Systems, Inc., 2012 WL 5464218, at *2 ("Because Defendant Khatemi's claim alleging

22   that Plaintiff and Plaintiff's attorneys willfully violated the bankruptcy court's automatic stay

23   arises under title 11, the bankruptcy court has subject matter jurisdiction over Defendant

24   Khatemi's claim."); Guancione v. Wachovia Mortg. Corp., No. 5:10-CV-3166 JF (HRL), 2010

25   WL 2991728, at *3 (N.D. Cal. July 28, 2010) ("to the extent that Plaintiff could establish a

26   violation of the automatic stay, their remedy lies within the jurisdiction of the bankruptcy court");

27   Radke v. Holbrook, No. CV 09-1355 GAF (VBK), 2010 WL 9010982, at *7 (C.D. Cal. May 11,

28   2010) ("Plaintiff's allegations concerning the violation of the automatic stay in a bankruptcy

7

1    proceeding must be raised in the Bankruptcy Court, or in the California Court of Appeal in a

2    direct appeal.  A Federal District Court does not have original jurisdiction over bankruptcy

3    matters."); Heghmann v. Town of Rye, 326 F.Supp.2d 227, 232-33 (D. N.H. 2004) ("Defendants

4    argue that this court lacks subject matter jurisdiction over plaintiff's claims arising under 11

5    U.S.C. § 362(h) for willful violation of the automatic stay because all such claims must be

6    brought in the bankruptcy court.  The weight of the authority supports the defendants'

7    argument.").

8                                                        LEAVE TO AMEND

9            For the reasons stated above, the undersigned has found that the complaint's claim that

10   provides the purported basis for the court's subject matter jurisdiction over this action should be

11   dismiss for lack of subject matter jurisdiction.  The undersigned has carefully considered whether

12   plaintiffs could amend the complaint to state a claim over which this court would have subject

13   matter jurisdiction.  "Valid reasons for denying leave to amend include undue delay, bad faith,

14   prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

15   1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,

16   701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the

17   court does not have to allow futile amendments).  In light of the apparent lack of subject matter

18   jurisdiction over plaintiff's claim and the nature of the allegations found in the complaint, the

19   undersigned finds that granting leave to amend would be futile.

20                                               SUPPLEMENTAL JURISDICTION

21           As noted above, in addition to the federal cause of action addressed above, plaintiffs'

22   complaint asserts a number of state law causes of action.  A district court may decline to exercise

23   supplemental jurisdiction over state law claims if the district court has dismissed all claims over

24   which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  The court's discretion to decline

25   jurisdiction over state law claims is informed by the values of judicial economy, fairness,

26   convenience, and comity.  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en

27   banc).  In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated,

28   that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of

                                                                    8

1    factors . . . will point toward declining to exercise jurisdiction over the remaining state-law

2    claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.

3    7 (1988)). See also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008)

4    (recognizing this principle but noting that dismissal of the remaining state law claims is not

5    mandatory).

6         Of course, "primary responsibility for developing and applying state law rests with the

7    state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010

8    WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).  Here, consideration of judicial economy, fairness,

9    convenience, and comity all point toward declining to exercise supplemental jurisdiction.

10   Therefore, the undersigned will also recommend that the assigned District Judge decline to

11   exercise supplemental jurisdiction over the complaint's state law claims.

12                                    CONCLUSION

13        Accordingly, IT IS HEREBY RECOMMENDED that:

14             1.  Defendant's September 24, 2014 motion to dismiss (Dkt. No. 7), re-noticed for

15   hearing before the undersigned on October 9, 2014, (Dkt. No. 10), be granted;

16             2.  The complaint's first cause of action be dismissed without prejudice for a lack

17   of subject matter jurisdiction;

18             3.  The court decline to exercise supplemental jurisdiction over the complaint's

19   state law claims; and

20             4.  This action be closed.

21        These findings and recommendations are submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23   after being served with these findings and recommendations, any party may file written

24   objections with the court and serve a copy on all parties.  Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26   shall be served and filed within seven days after service of the objections.  The parties are advised

27   /////

28   /////

9

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 16, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\arden1777.mtd.f&rs.docx

10